```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
JOSE RODRIGUEZ,

                    Plaintiff,
                                              ORDER
          -against-                           19-CV-6565(JS)(AYS)

SHOPRITE SUPERMARKET, SHOPRITE LOSS
PREVENTION (SECURITY) NICHOLAS CHIUSANO,
and 5 JOHN DOES (SHOPRITE STORE EMPLOYEES),

                    Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Jose Rodriguez, pro se
                    214602
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, New York 11901

For Defendants:     No appearances.
```

SEYBERT, District Judge:

      Before the Court is the application to proceed in forma pauperis filed by incarcerated pro se plaintiff Jose Rodriguez ("Plaintiff") together with a civil rights Complaint brought pursuant to 42 U.S.C. § 1983 ("Section 1983") against Shoprite Supermarket ("Shoprite"), Nicholas Chiusano, who is alleged to be a Shoprite Loss Prevention/Security employee ("Chiusano"), and five unidentified individuals who are alleged to be Shoprite store employees ("John Does"). (IFP Application, D.E. 2.) Upon review of the declaration in support of the application to proceed in forma pauperis, the Court GRANTS Plaintiff's request to proceed in forma pauperis. However, for the reasons that follow, the

Complaint is sua sponte DISMISSED WITH PREJUDICE as against the Defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

THE COMPLAINT[1]

Plaintiff's Complaint is filed on the Court's Section 1983 complaint form and is brief.  In its entirety, Plaintiff's fact section alleges:

> On November 27, 2018 at the Shoprite supermarket located in 1 Garet Pl. Commack, N.Y. 11725.  I was brutally assaulted and violated my rights by Shoprite supermarket loss prevention (security) "Nicholas Chiusano" and (six) John Doe employees.  I was coming out of store when all defendants in this suit approached and not only violated store policy and regulations (the law). Assaulted me.  By grabbing me, slamming me on the parking lot, chokeing me (obstruction of breathing), punching me repeatedly etc. (Video footage will show horrific events) Shoprite loss prevention and store employees had no rights to assault me, use any kind of excessive force on me nor anyone.  Because of these violent acts I was severely injured and taken to "hospital."

(Compl. ¶ II at 4.)  As a result, Plaintiff claims to have suffered injuries, including "severe chest pains, back and

---

[1] The following facts are taken from Plaintiff's Complaint and is presumed to be true for the purposes of this Order.  Excerpts from the Complaints as reproduced here exactly as they appear in the originals.  Errors in spelling, punctuation, and grammar have not been corrected or noted.  (Compl., D.E. 1.)

2

spinal pain, concussion, lacerations, etc." (Compl. ¶ II.A.) For relief, Plaintiff is "seeking pain and suffering from injurys inflicted by defendants, mental depression, '(500,000) five hundred thousand' hospital bills covered, etc." (Compl. ¶ III.)

## DISCUSSION

### I.   In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of the application to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

### II.  Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant,

537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint or amended complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

      Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the

4

> Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, 566 U.S. 356, 361, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)).

    A.   The Defendants are not State Actors

As noted above, to state a plausible Section 1983 claim, a plaintiff must allege that the challenged conduct was committed by a person acting under color of state law. Thus, private parties are not generally liable under Section 1983. Here, the Defendants are a private supermarket, Shoprite, and several of its employees. Private conduct is generally beyond the reach of § 1983. See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 119 S. Ct. 977, 985, 143 L. Ed. 2d 130 (1999); Coleman v. City of N.Y., et al., 18-CV-11819, 2020 WL 905709, *3 (S.D.N.Y. Feb. 25, 2020) (dismissing Section 1983 claims against Dollar Tree Store, Inc., and several of its employees, because they are not state actors

5

and did not operate under color of state law); Fletcher v. Walmart Stores, Inc., 15-CV-1859, 2006 WL 2521187, at *4 (S.D.N.Y. Aug. 28, 2006) (dismissing Section 1983 claims against Walmart Stores, Inc. and several of its employees, including its private security guard, because none of the defendants were state actors, nor were they acting under color of law); Guiducci v. Kohl's Dep't Stores, Inc., 320 F. Supp. 2d 35, 37-39 (E.D.N.Y. 2004) (dismissing Section 1983 claims because "the Kohl's security guard is not a state actor within the meaning of the civil rights statute") (collecting cases).

However, private individuals, such as store security guards, may be deemed to act under color of state law: "(1) where the guards are 'given the authority of state law,' or (2) where "they are willful participants in the joint activity of the State or its agents." Guiducci, 320 F. Supp. 2d at 37. As is readily apparent from Plaintiff's sparse Complaint, there are no allegations that any of the Defendants were either given the authority of state law or were willful participants in joint activity with a state actor. Accordingly, because Plaintiff has not sufficiently alleged state action, Plaintiff's Section 1983 claims are not plausible and are thus DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

Given the dismissal of Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over any remaining state laws claims Plaintiff may have and any such claims are thus DISMISSED WITHOUT PREJUDICE.  See 28 U.S.C. § 1367(c)(3); see also Carnegie Mellon Univ. v. Cohill, 484 U.S. 343, 350, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988) (a federal court should generally decline to exercise supplemental jurisdiction over state law claims if, as is the case here, the complaint asserts federal question jurisdiction but not diversity jurisdiction, and the complaint's federal claims are dismissed at an early stage in the litigation).

IV.  Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here.  Because the defects in Plaintiff's claims are substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint is DENIED.

CONCLUSION

For the reasons set forth above, the Complaint is sua sponte DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii),

7

1915A(b), and leave to amend the Complaint is DENIED.  The Court declines to exercise supplemental jurisdiction over any remaining state law claims Plaintiff may have and Plaintiff may pursue any such claims in state court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated: April   15  , 2020  
       Central Islip, New York

8